## THE ROSEDALE.

### (*District Court, D. Connecticut.* May 15, 1884.)

1. LIBEL—SALVAGE—COSTS.
   Where a vessel is attached upon a libel for salvage, no demand having been made, and under circumstances which put the claimants to unnecessary expense and trouble, costs will not be allowed to the libelants

2. SALVAGE—COMPENSATION.
   The amount of compensation which will be allowed to a libelant for an admitted salvage service considered.

In Admiralty.

*Robert D. Benedict* and *Daniel Davenport*, for libelant.

*Chas. Henry Butler* and *Thomas E. Stillman*, for claimant.

SHIPMAN, J. This is a libel *in rem* by the owner of the steam-boat Crystal Wave, in behalf of itself and all others interested, to recover salvage for services rendered to the steam-boat Rosedale. The facts are as follows:

The steamer Rosedale is a side-wheel passenger and freight steam-boat, regularly running between New York city and Bridgeport, and is worth $100,000. She left New York at 3 o'clock P. M. on September 12, 1883, bound for Bridgeport, with a cargo and 36 passengers, and about 5 o'clock on the same afternoon, at a point in Long Island sound off Greenwich, and about four miles south-east of Captain's island, broke her steam pipe, by which accident she was completely disabled and was rendered helpless. The sea was heavy, the wind was blowing strong from N. E. to E. N. E., the tide was at the end of the flood, and the boat was drifting in the direction of Captain's island, an island of 15 or 16 acres. Her ground tackle was light, but the anchorage was good. The Crystal Wave is a side-wheel passenger and freight steamer, regularly plying between New York and Bridgeport, and is worth $75,000. She

left New York on the same afternoon at 3:30 o'clock, was behind the Rosedale when the steam pipe burst, and saw that she was partly enveloped in steam and had met with an accident. The Crystal Wave was then within 12 or 15 minutes' reach of the Rosedale, and, without difficulty or danger, went to her assistance, put out a hawser to her, and at the same time took one from her. The sea was heavy, and the boats rolled so that the hawsers parted. The Crystal Wave, then without danger, from the fact that she had an experienced and skillful captain, but with some delay, again put out a hawser to the Rosedale, and took one from her, and resumed and completed the service of towing her to Greenwich cove, taking off her passengers and carrying them to Bridgeport. The time occupied by the Crystal Wave in rendering the service to the Rosedale occupied about two hours. The work was done without substantial risk or danger to the Crystal Wave, and without extraordinary labor, and without peril to any of her officers, passengers, or crew. The Rosedale was, at the time of the accident and of the service, in great need of help, but was not at the time in serious danger of wreck. She was drifting in the direction of a rocky shore, and her dependence was upon her anchors. She was on fair anchorage ground, and her anchors, though light, could probably have been made to hold.

The circumstances under which this salvage service was rendered by the Crystal Wave are correctly stated in a letter of thanks which was written and sent by the captain of the Rosedale to the captain of the Crystal Wave on September 15, 1883. The material portion of the letter is as follows:

"Allow me to express to you our sincere thanks for the timely aid rendered to our steamer Rosedale, disabled on Wednesday, September 12th, in Long Island sound. The kindness shown by you in taking our steamer in tow, and placing her in a safe harbor, in face of a high wind and heavy sea, breaking hawsers, etc., and still staying by us in time of great need until safely anchored, and conveying our passengers to Bridgeport, * * *."

No demand was ever made by the libelants upon the owners of the Crystal Wave for salvage. She was attached upon the libel on October 11, 1883, upon a claim of $50,000 for salvage, and under circumstances which put the claimants to considerable unnecessary expense and trouble. I think that costs should be refused. *Atlas Steam-ship Co.* v. *Colon*, 4 FED. REP. 469.

In this case, as in other like cases, where it is admitted that the service which was rendered was a salvage service, the important question is as to the proper amount of compensation, and this depends much upon the condition of peril from which the Rosedale was rescued, because I find that neither the Crystal Wave nor her officers were in any danger which skillful seamanship could not easily avoid. The Rosedale was in great need of help, but was not, in my opinion, in serious danger of shipwreck. The reported case which most nearly resembles the one under consideration is the recent and carefully considered case of *The Plymouth Rock*, 9 FED. REP. 413, in which the conditions and prospects of danger to the rescued boat were far more serious than those in the present case, and in which there was a decree for the libelant for $2,000. I am of opinion that $1,000 will be a liberal compensation in the present case.

Let a decree be entered that the libelant recover $1,000 on behalf of the owners and all others who may be interested.